■ In the Matter of YAEL HIRSH, Respondent, v MICHAEL Z. STERN, Appellant. [902 NYS2d 655]—

In a family offense proceeding pursuant to Family Court Act article 8, Michael Z. Stern appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.) (IDV Part), dated August 31, 2009, as denied those branches of his motion which were to dismiss the petition for failure to establish a prima facie case, to direct the petitioner to undergo a hair follicle specimen test, and to direct the filing of a neglect petition and order of protection against the petitioner, and (2) an order of protection of the same court dated October 6, 2009, which, after a hearing, directed him to stay away from the petitioner until October 5, 2010.

Ordered that the order dated August 31, 2009, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order of protection is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new hearing and a new determination thereafter on the branch of the petition which was for the issuance of an order of protection.

On or about June 1, 2009, the petitioner filed a family offense petition seeking the entry of an order of protection in favor of her and against the appellant.

The allegations contained in the petition were sufficient to es-

tablish a prima facie case of harassment in the second degree (*see* Penal Law § 240.26 [1], [3]), thus warranting a fact-finding hearing on the matter. Contrary to the appellant's contentions, physical acts need not be alleged to support a charge of harassment in the second degree (*see People v Dietze*, 75 NY2d 47, 54 [1989]; *Matter of Hagopian v Hagopian*, 66 AD3d 1021, 1022 [2009]; *Matter of Czop v Czop*, 21 AD3d 958, 959 [2005]).

During the fact-finding hearing, the petitioner testified that the appellant had, inter alia, threatened her physical safety on several occasions, including April 2, 2009. The appellant denied ever threatening the petitioner and attempted to offer into evidence an audiotape of a conversation that took place between himself and the petitioner on April 2, 2009. The appellant testified that he had personally recorded the conversation using a pocket cassette recorder, and that the recording accurately portrayed the parties' conversation on that date. According to the appellant, the audiotape established that he never threatened or raised his voice against the petitioner during the conversation on that date. The petitioner's attorney objected to the admission of the audiotape on the ground that a proper foundation for its admission had not been laid. The Supreme Court sustained the objection and the tape was not admitted into evidence.

The appellant contends that the tape should have been admitted, and that the Supreme Court's failure to do so was reversible error. We agree. Contrary to the petitioner's contention, "chain of custody . . . [is] not a requirement as to tape recordings" (*People v Ely*, 68 NY2d 520, 527-528 [1986]). Proof that the audiotape had not been altered was properly established by the appellant, "a participant to the conversation who testifie[d] that the conversation ha[d] been accurately and fairly reproduced" (*People v McGee*, 49 NY2d 48, 60 [1979], *cert denied sub nom. Waters v New York*, 446 US 942 [1980]). Since the Supreme Court erred in depriving the appellant of his right to place admissible evidence which supported his defense before the fact-finder, and since the alleged information on the tape was critical to the appellant's defense, the appellant is entitled to a new hearing (*see People v Melendez*, 296 AD2d 424, 424-426 [2002]), and a new determination thereafter on the branch of the petition which was for the issuance of an order of protection.

The appellant's remaining contentions either are without merit or need not be considered in light of our determination. Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.