In the Matter of MIMMA GIRESI-PALAZZOLO, Appellant, v MATTEO PALAZZOLO, Respondent. [7 NYS3d 222]—

Appeal from an order of the Family Court, Queens County (Anne-Marie Jolly, J.), dated October 16, 2013. The order, after a hearing, in effect, denied the mother's family offense petition against the father and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The mother filed a family offense petition alleging, inter alia, that the father had committed the family offenses of harassment in the second degree and disorderly conduct. After conducting a hearing, the Family Court, in effect, denied the petition and dismissed the proceeding.

The allegations in a family offense proceeding must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Tulshi v Tulshi, 118 AD3d 716 [2014]; Matter of Jarrett v Jarrett, 102 AD3d 695 [2013]; Matter of Scanziani v Hairston, 100 AD3d 1007 [2012]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's findings regarding the credibility of witnesses, unless clearly unsupported by the record, are entitled to great weight on appeal (see Matter of Tulshi v Tulshi, 118 AD3d at 717; Matter of Pearlman v Pearlman, 78 AD3d 711, 712 [2010]; Matter of Gray v Gray, 55 AD3d 909 [2008]).

The Family Court's determination that the mother failed to establish, by a preponderance of the evidence, that the father committed the family offenses alleged in the petition, hinged on credibility, and the Family Court's assessment of the parties' credibility is supported by the record (see Matter of Tulshi v Tulshi, 118 AD3d at 717; Matter of Velazquez v Haffey, 113 AD3d 783 [2014]; Matter of Khan v Khan, 112 AD3d 829 [2013]). Accordingly, we find no basis to disturb the Family Court's determination.

Contrary to the mother's contention, the Family Court did not err by admitting into evidence an audio recording of a conversation that took place between the parties on December 23, 2012. The father testified that he had personally recorded

the conversation, that the recording was a complete and accurate reproduction of their interaction, and that the recording had not been altered. This testimony, which the Family Court credited, constituted sufficient proof of the accuracy and authenticity of the recording to warrant its admission (*see People v Ely*, 68 NY2d 520, 527-528 [1986]; *People v McGee*, 49 NY2d 48, 59-60 [1979]; *Matter of Hirsh v Stern*, 74 AD3d 967, 968 [2010]). Any infirmities concerning audibility went to the weight of the evidence, not its admissibility (*see People v Ely*, 68 NY2d at 528; *People v McGee*, 49 NY2d at 60). Chambers, J.P., Hall, Cohen and Miller, JJ., concur.