■ In the Matter of Karen Fowler, Appellant, v Oswaldo Rivera, Respondent. [22 NYS3d 68]—

Appeal from an order of the Family Court, Suffolk County (Deborah Poulos, J.), dated April 17, 2014. The order, insofar

as appealed from, upon remittal from this Court (*see Matter of Rivera v Fowler*, 112 AD3d 835 [2013]), directed that the father have overnight visitation with the subject children beginning at 3:30 p.m. each Thursday and ending at the start of school on Friday morning, and on alternate weeks during the children's summer vacation.

Ordered that the appeal from so much of the order as relates to the father's visitation with the parties' child Joshua is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Since one of the subject children, Joshua, has reached the age of 18, he is no longer subject to the order appealed from, and the appeal from so much of the order as pertained to him must be dismissed as academic (*see Matter of Julian B. v Williams*, 97 AD3d 671 [2012]).

In an order dated January 13, 2012, the Family Court awarded the father certain visitation. That order was subsequently modified by a decision and order of this Court, which, inter alia, awarded the father one overnight visit per week and awarded the parties equal visitation time during the children's summer vacation (*see Matter of Rivera v Fowler*, 112 AD3d 835 [2013]). The matter was remitted to the Family Court, Suffolk County, to set forth a visitation schedule consistent with this Court's order. Upon remittal, in an order dated April 17, 2014, the Family Court, among other things, directed that the father have overnight visitation with the subject children beginning at 3:30 p.m. each Thursday and ending at the start of school on Friday morning, and on alternate weeks during the children's summer vacation. The mother has appealed from the order dated April 17, 2014.

In determining visitation rights, the most important factor to be considered is the best interests of the children (*see Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]; *Matter of Nicholas v Nicholas*, 107 AD3d 899 [2013]). The determination of visitation issues is entrusted to the sound discretion of the Family Court, and its determination will not be disturbed on appeal unless it lacks a sound and substantial basis in the record (*see Matter of Rodriguez v Liegey*, 132 AD3d 880 [2015]; *Matter of Kavanagh v Kavanagh*, 132 AD3d 674 [2015]; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]).

Here, contrary to the mother's contention, the Family Court did not improvidently exercise its discretion in setting forth the father's visitation schedule upon remittal from this Court.

The Family Court's determination that it was in the children's best interests for the father to have overnight visitation with them beginning at 3:30 p.m. each Thursday and ending at the start of school on Friday morning, and on alternate weeks during their summer vacation, has a sound and substantial basis in the record (*see generally Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Sterling v Silva*, 124 AD3d 669, 670 [2015]; *Matter of Wiley v Musabyemariya*, 118 AD3d 898, 901 [2014]).

The mother's remaining contentions are not properly before this Court (*see e.g. Matter of Joseph A. [Fausat O.]*, 78 AD3d 826, 827 [2010]). Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.