■ In the Matter of CHANA J.A., Respondent, v BARRY S., Appellant. (Proceeding No. 1.) In the Matter of BARRY S., Appellant, v CHANA S., Respondent. (Proceeding No. 2.) [22 NYS3d 586]—

Appeals from (1) an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), entered October 29, 2014, and (2) an order of that court entered February 25, 2014. The order entered October 29, 2014, after a hearing, in effect, dismissed as withdrawn those branches of the father's petition which were to modify a prior so-ordered stipulation so as to award him custody of the children Elisheva S., Shoshana S., Shira S., and Tammy S., and denied that branch of his petition which was to modify the stipulation so as to award him custody of the child Michael S. The order entered February 25, 2014, denied the father's motion, in effect, to strike the report and testimony of the forensic evaluator.

Ordered that the appeal from the order entered February 25, 2014, is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order entered October 29, 2014, as, in effect, dismissed as withdrawn those branches of the father's petition which were to modify a prior so-ordered stipulation so as to award him custody of the children Elisheva S. and Shoshana S. is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order entered October 29, 2014, is affirmed insofar as reviewed, without costs or disbursements.

The appeal from the order entered February 25, 2014, must be dismissed, as no appeal lies as of right from such an order, and leave to appeal has not been granted (*see* Family Ct Act § 1112 [a]). The issue raised on the appeal from that order is brought up for review and has been considered on the appeal from so much of the order entered October 29, 2014, as pertains to the children Shira S., Tammy S., and Michael S.

Inasmuch as the children Elisheva S. and Shoshana S. have reached the age of 18, they are no longer subject to the orders appealed from and the appeals from so much of the orders as pertained to them must be dismissed as academic (*see Matter of Fowler v Rivera*, 134 AD3d 708 [2d Dept 2015]; *Matter of Julian B. v Williams*, 97 AD3d 671 [2012]).

The parties are the parents of five children. The father commenced this proceeding seeking to modify a stipulation between the parties as to custody of the children. Specifically, by the petition, the father sought custody of all of the children. The father appeared pro se at the hearing on the petition. During a colloquy at that hearing, the father stated that he was withdrawing his petition except insofar as it pertained to the child Michael S. On April 20, 2010, the Family Court (Christopher, J.) orally announced its decision. The court stated that the petition insofar as it related to the other children was deemed withdrawn and that the petition insofar as it related to Michael S. was being denied. The defendant later moved to strike the report and testimony of the forensic evaluator who testified at the hearing. On February 25, 2014, the court denied that motion. On October 29, 2014, the court (Eisenpress, J.) so-ordered the decision in the transcript of the April 20, 2010, proceedings. The father appeals.

Contrary to the father's contentions, he was not denied a fair hearing due to his status as a pro se litigant. A litigant does not, by appearing pro se, have any greater right than any other litigant (see *Mirzoeff v Nagar*, 52 AD3d 789 [2008]). Moreover, a litigant may not use his or her pro se status as an excuse for depriving opposing parties of their own procedural rights (see *id.*).

The record does not support the father's contention that the Family Court coerced him to withdraw so much of his petition as related to custody of Shira S. and Tammy S. Instead, it demonstrates that the court asked the father which children he sought custody of, that the father vacillated, and that the court insisted upon a clear answer.

We likewise reject the father's contention that the Family Court erred in denying his motion, in effect, to strike the report and testimony of the court-appointed forensic evaluator. The forensic psychologist reached his conclusion based on his personal observations and experience, and he was not required to conduct formal scientific testing for his opinion to be admissible (see *Adamy v Ziriakus*, 92 NY2d 396, 402 [1998]).

The father's remaining contentions are unpreserved for appellate review, without merit, or not properly before us. Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.