■ In the Matter of MARCO A. SANCHEZ, Respondent, v EN-
TELA REXHEPI, Appellant. (Proceeding No. 1.) In the Matter of
ENTELA REXHEPI, Appellant, v MARCO SANCHEZ, Respondent.
(Proceeding No. 2.) [30 NYS3d 170]—

Appeal from an order of the Family Court, Queens County
(Fran L. Lubow, J.), dated April 29, 2014. The order, after a
hearing, granted the father's petition for sole custody of the
subject child and, in effect, denied the mother's petition for sole
custody of the subject child.

Ordered that the order is affirmed, without costs or disburse-
ments.

The parties are the parents of one child, a son born in July
2011. The father filed a petition for sole custody of the subject
child, alleging, inter alia, that the child was being physically
and emotionally abused by the mother. The mother also filed a
petition for sole custody of the subject child. After a hearing,
the Family Court awarded the father sole legal and physical
custody of the subject child and certain visitation to the mother.
The mother appeals.

The Family Court did not err in granting the father's peti-
tion for sole custody of the subject child. Under the totality of
the circumstances, that determination was in the best interests
of the child (*see Matter of Gooler v Gooler*, 107 AD3d 712 [2013];
*Matter of Julie v Wills*, 73 AD3d 777 [2010]; *see also Eschbach
v Eschbach*, 56 NY2d 167, 171 [1982]). Since custody determi-
nations depend in large part on the hearing court's assess-
ments of the credibility, character, temperament, and sincerity
of the parties, the Family Court's determination should be ac-
corded deference, and its determination should not be disturbed
unless it lacks a sound and substantial basis in the record (*see
Matter of Welch v Taylor*, 115 AD3d 754 [2014]; *Matter of Mc-
Koy v Vatter*, 106 AD3d 1090 [2013]; *Matter of Roldan v Nieves*,
76 AD3d 634 [2010]). Here, the Family Court determined that
the father's testimony was credible, while the mother's was not
credible, and we discern no reason to disturb the Family
Court's credibility determination.

Contrary to the mother's contention, the Family Court did
not violate the best evidence rule in admitting into evidence
copies of recordings of conversations between the parties. The
best evidence rule applies only where a party seeks to prove
the contents of a writing, in which case the original must be
produced or its absence satisfactorily explained (*see Schozer v*

*William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643 [1994]; *Amica Mut. Ins. Co. v Kingston Oil Supply Corp.*, 134 AD3d 750 [2015]; *Maini v Syscore Consulting Corp.*, 13 Misc 3d 1215[A], 2006 NY Slip Op 51844[U] [Sup Ct, Nassau County 2006]). A proper foundation was laid for the admission of the recordings, as the father, a participant in the conversations, testified that he had personally recorded the conversations, and that the recordings were a fair and accurate representation of those conversations and had not been altered (*see Matter of Giresi-Palazzolo v Palazzolo*, 127 AD3d 752 [2015]; *Matter of Hirsh v Stern*, 74 AD3d 967 [2010]).

Although the attorney for the child contends that joint custody would be in the subject child's best interests, joint custody is inappropriate here, as the parties are antagonistic toward each other and have demonstrated an inability to cooperate on matters concerning the child (*see Matter of Florio v Niven*, 123 AD3d 708 [2014]; *Matter of Lawrence v Davidson*, 109 AD3d 826 [2013]). Dillon, J.P., Austin, Maltese and Barros, JJ., concur.