■ GREGG PAPPAS, M.D., et al., Appellants, v HARRY LIAPES, Respondent. [31 NYS3d 108]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal (1) from an interlocutory judgment of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated April 2, 2014, which, upon an order of the same court dated January 7, 2014, made after a hearing, granting that branch of the defendant's cross motion which was, in effect, to compel them to return $560,000 to 94 Main Street, LLC, is in favor of the defendant and against the plaintiffs in the principal sum of $560,000, and (2), as limited by their brief, from so much of an order of the same court, dated May 1, 2014, as, upon reargument, adhered to its original determination in the order dated January 7, 2014.

Ordered that the interlocutory judgment is modified, on the facts, by deleting the provision thereof directing the plaintiffs to return the sum of $560,000 to the defendant, and substituting therefor a provision directing the plaintiffs to return the sum of $560,000 to 94 Main Street, LLC; as so modified, the interlocutory judgment is affirmed; and it is further,

Ordered that the order dated May 1, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiffs Gregg Pappas and James Cockinos and the defendant Harry Liapes are equal members of 94 Main Street, LLC (hereinafter the LLC), which owns a commercial building in Nyack. The LLC operating agreement provided, in part, that "[n]o [m]ember shall make any withdrawals from capital without prior approval of the Company." The members agreed

to renovate the subject building and construct a restaurant on the premises. After a dispute arose regarding the cost of the project, the plaintiffs withdrew $560,000 from the LLC's bank account.

The plaintiffs commenced this action, inter alia, seeking damages for breach of fiduciary duty, and moved, among other things, for the appointment of a temporary receiver. The defendant cross-moved, in effect, to compel the plaintiffs to return the $560,000 to the LLC. After a hearing, the Supreme Court granted the defendant's cross motion and directed that the $560,000 be returned to the LLC, finding that the plaintiffs had taken the money from the LLC in violation of the operating agreement. The interlocutory judgment appealed from awarded the principal sum of $560,000 directly to the defendant. Thereafter, the plaintiffs moved for leave to reargue their opposition to the defendant's cross motion. Upon reargument, the court adhered to its original determination.

"In reviewing a determination made after a hearing, the power of this Court is as broad as that of the hearing court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the hearing court had the advantage of seeing the witnesses and hearing the testimony" (*Matter of Progressive Specialty Ins. Co. v Lubeck*, 111 AD3d 947, 948 [2013]; *see Baba-Ali v State of New York*, 19 NY3d 627, 640 [2012]; *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Matter of Liberty Mut. Ins. Co. v Vella*, 83 AD3d 716, 717 [2011]). Moreover, " '[w]here the findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations' " (*Papovitch v Papovitch*, 84 AD3d 1045, 1046 [2011], quoting *Praimnath v Torres*, 59 AD3d 419, 419-420 [2009]; *see Zwarycz v Marnia Constr., Inc.*, 130 AD3d 922, 923 [2015]).

Here, the Supreme Court found incredible the plaintiffs' testimony that an informal meeting of the LLC members had taken place and that, at that meeting, the defendant had authorized the transfer of $560,000 to the plaintiffs. We perceive no reason to disturb the court's determination in this regard (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d at 499; *see also Golding v Gottesman*, 41 AD3d 430, 430-431 [2007]; *Terry v State of New York*, 39 AD3d 846, 846 [2007]). In addition, upon reargument, the court properly adhered to its original determination.

However, we agree with the plaintiffs' contention that the

interlocutory judgment appealed from is inconsistent with the order upon which it was based. Where such an inconsistency exists, the underlying order controls (*see Curry v Curry*, 14 AD3d 646 [2005]). Here, the award in the interlocutory judgment of the $560,000 directly to the defendant does not conform with the underlying order, which stated that the $560,000 should be returned to the LLC. Consequently, the interlocutory judgment is modified accordingly. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.