■ ANNE BRYANT, Appellant, v BROADCAST MUSIC, INC., Also Known as "BMI," et al., Defendants, and SUNBOW PRODUCTIONS, INC., Respondent. [39 NYS3d 520]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Garvey, J.), dated July 15, 2014, which, upon a decision dated

July 2, 2014, made after a nonjury trial, is in favor of the defendant Sunbow Productions, Inc., and against her dismissing the cause of action alleging breach of contract insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced two actions, which were consolidated, against, among others, Sunbow Productions, Inc. (hereinafter Sunbow), inter alia, to recover unpaid royalties for music composition. During a nonjury trial, Sunbow discovered a copy of an agreement dated June 1, 1985, signed by the plaintiff, pertaining to a television show called "Jem" (hereinafter the Jem agreement). The plaintiff moved for leave to conform the pleadings to the proof adduced at the trial by asserting a cause of action alleging a breach of the Jem agreement, and the Supreme Court denied that relief. In a judgment entered May 8, 2007, rendered after the trial, the Supreme Court dismissed the complaint insofar as asserted against Sunbow. On a prior appeal, this Court modified the judgment and granted the plaintiff leave to conform the pleadings to the proof adduced at trial (*see Bryant v Broadcast Music, Inc.*, 60 AD3d 799 [2009]). In the judgment appealed from dated July 15, 2014, made after a new nonjury trial, the Supreme Court dismissed the cause of action alleging breach of contract against Sunbow.

"In reviewing a determination rendered after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony" (*Palombo Group v Poughkeepsie City Sch. Dist.*, 125 AD3d 620, 621 [2015] [internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, the trial court's determination that the plaintiff failed to establish that Sunbow breached the Jem agreement was warranted by the facts.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly dismissed the plaintiff's cause of action alleging breach of contract against Sunbow. Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.