■ Sharon Lawson-Groome, Respondent, et al., Plaintiff, v Melvin Smalls et al., Appellants. [40 NYS3d 497]—

In an action, inter alia, to recover damages for fraud, the defendants appeal, as limited by their brief, from so much of a

judgment of the Supreme Court, Kings County (Allman, Ct. Atty. Ref.), dated March 28, 2014, made after a nonjury trial, as is in favor of the plaintiff Sharon Lawson-Groome and against the defendants in the principal sum of $68,193.88.

Ordered that the judgment is affirmed insofar as appealed from, with costs to the plaintiff Sharon Lawson-Groome.

The plaintiff Sharon Lawson-Groome (hereinafter the plaintiff) alleges that the defendants fraudulently induced her to make substantial payments to them which she believed were being applied toward the purchase of a house on Glenwood Road in Brooklyn. Instead, however, the defendants allegedly retained the plaintiff's payments for their own use. At a nonjury trial, the parties offered sharply conflicting testimony regarding whether the payments made by the plaintiff were intended to be used toward the purchase of the Glenwood Road house, or were, in fact, intended to reimburse the defendants for money the plaintiff had improperly taken from them. At the conclusion of the trial, the Supreme Court credited the plaintiff's testimony, and found that the defendants had fraudulently induced her to make the payments toward the purchase of the Glenwood Road house. The court determined that the plaintiff had sustained damages in the principal sum of $68,193.88. The court additionally determined that the plaintiff's sister, the plaintiff Gillian Lawson, had sustained damages in the principal sum of $2,000 arising from a different transaction. Only the portion of the judgement which is in favor of the plaintiff and against the defendants in the principal sum of $68,193.88 is at issue on this appeal.

"[W]here the findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (*Pappas v Liapes*, 138 AD3d 943, 944 [2016] [internal quotation marks omitted]). Here, the Supreme Court specifically found the plaintiff's testimony credible and the defendants' testimony not credible, and also credited the plaintiff's proof of her damages. Contrary to the defendants' argument on appeal, there is no basis to disturb the court's determinations in this regard (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Pappas v Liapes*, 138 AD3d at 944).

Furthermore, resolution of the issue of whether a plaintiff seeking recovery on a fraud claim reasonably relied upon a defendant's misrepresentations is generally left to the finder of fact (*see DDJ Mgt., LLC v Rhone Group L.L.C.*, 15 NY3d 147, 155 [2010]; *Talansky v Schulman*, 2 AD3d 355, 360-361 [2003]).

Here, taking into account, inter alia, evidence of the plaintiff's lack of sophistication in real estate transactions, we find no basis to disturb the Supreme Court's determination that the plaintiff's reliance on the defendants' misrepresentations was justifiable (*cf. Orlando v Kukielka*, 40 AD3d 829, 832 [2007]).

Finally, the Supreme Court did not err in admitting into evidence an audio recording, as a proper foundation was laid for its admission (*see Matter of Giresi-Palazzolo v Palazzolo*, 127 AD3d 752, 752-753 [2015]; *Matter of Hirsh v Stern*, 74 AD3d 967, 968 [2010]). Rivera, J.P., Austin, Sgroi and Duffy, JJ., concur.