■ In the Matter of GARY JOHNSON, Appellant, v EVERETTE JOHNSON, Respondent. [45 NYS3d 551]—

Appeal by the petitioner from an order of the Family Court, Queens County (Anne-Marie Jolly, J.), dated October 5, 2015. The order, after a hearing, in effect, denied the petitioner's family offense petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Family Court Act article 8 alleging that the respondent, his brother, committed various family offenses against him. After a hearing, the Family Court, in effect, denied the petition and dismissed the proceeding.

The allegations in a family offense proceeding must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Davis v Wright*, 140 AD3d 753, 754 [2016]; *Matter of Giresi-Palazzolo v Palazzolo*, 127 AD3d 752, 752 [2015]; *Matter of Tulshi v Tulshi*, 118 AD3d 716, 716 [2014]; *Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013]). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (*Matter of Richardson v Richardson*, 80 AD3d 32, 43-44 [2010]; *see Matter of Davis v Wright*, 140 AD3d at 754; *Matter of Giresi-Palazzolo v Palazzolo*, 127 AD3d at 752; *Matter of Tulshi v Tulshi*, 118 AD3d at 716; *Matter of Bah v Bah*, 112 AD3d 921, 922 [2013]).

Here, the petitioner failed to establish, by a fair preponderance of the evidence, that the respondent committed a family offense (*see Matter of Graham v Rawley*, 140 AD3d 765, 767-768 [2016]; *Matter of Davis v Wright*, 140 AD3d at 754; *Matter of Bah v Bah*, 112 AD3d at 922; *Matter of Richardson v Richardson*, 80 AD3d at 44). The Family Court's credibility determination is supported by the record, and we discern no basis for disturbing it (*see Matter of Davis v Wright*, 140 AD3d at 754; *Matter of Giresi-Palazzolo v Palazzolo*, 127 AD3d at 752; *Matter of Tulshi v Tulshi*, 118 AD3d at 716; *Matter of Bah v Bah*, 112 AD3d at 922; *Matter of Richardson v Richardson*, 80 AD3d at 44).

Contrary to the petitioner's contention, during the hearing, the Family Court properly ruled that certain hearsay statements were not admissible under the excited utterance exception to the hearsay rule (*see People v Cantave*, 21 NY3d 374, 381-382 [2013]; *People v Johnson*, 1 NY3d 302, 306-307 [2003]; *People v Leach*, 137 AD3d 1300, 1301 [2016]; *People v Porco*, 71 AD3d 791, 792 [2010], *affd* 17 NY3d 877 [2011]). The court also properly declined to admit into evidence hospital records that were not certified or authenticated (*see* CPLR 4518; *Matter of Pepe v Pepe*, 128 AD3d 831, 834 [2015]; *Matter of Bronstein-Becher v Becher*, 25 AD3d 796, 797 [2006]; *Matter of Damon J.*, 144 AD2d 467 [1988]).

The petitioner's remaining contentions are either unpreserved for appellate review or without merit.

Accordingly, the Family Court properly, in effect, denied the petitioner's family offense petition and dismissed the proceeding. Chambers, J.P., Austin, Hinds-Radix and Barros, JJ., concur.