■ ARSR Solutions, LLC, Respondent, v 304 East 52nd Street Housing Corporation, Appellant. [48 NYS3d 510]—

Appeal from a judgment of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered April 25, 2014. The judgment, inter alia, directed the defendant to recognize the plaintiff as the owner of certain cooperative apartment shares of stock, deliver to the plaintiff a new stock certificate naming the plaintiff as the owner of those shares, and issue to the plaintiff proprietary leases naming the plaintiff as the lessee of the apartment units associated with those shares.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action for a judgment directing the defendant, a cooperative housing corporation, to recognize the plaintiff's ownership of certain shares of stock associated with three apartment units in the defendant's building. The case proceeded to a nonjury trial, at which the following evidence was adduced: The plaintiff's predecessor acquired a security interest in the subject shares as partial security for a loan it made to a nonparty, East 51st Street Development, LLC (hereinafter East 51st Street). That loan was secured by a mortgage on a parcel of real property owned by East 51st Street. The principal of East 51st Street, James Kennelly, pledged the subject shares as additional collateral for the loan.

In connection with that pledge, the defendant executed a "Recognition Agreement" in which it recognized the pledge of the shares owned by Kennelly as collateral for the mortgage loan. In 2008, East 51st Street defaulted in repaying the subject mortgage loans. The plaintiff's predecessor conducted a foreclosure sale by auction of the pledged shares pursuant to UCC 9-610. According to the testimony of the general counsel for the plaintiff's predecessor, the predecessor purchased the shares for $750,000 at the UCC foreclosure sale.

After the trial, the Supreme Court, upon a decision, issued a judgment which, among other things, directed the defendant to cancel the subject shares owned by Kennelly and recognize the plaintiff as the owner of the shares, deliver to the plaintiff a new stock certificate naming the plaintiff as the owner of those shares, and issue to the plaintiff proprietary leases naming the plaintiff as the lessee of the apartment units associated with those shares. The defendant appeals from the judgment.

"In reviewing a determination rendered after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony" (*Bryant v Broadcast Music, Inc.*, 143 AD3d 934, 935 [2016] [internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

Here, the Supreme Court's determination that the plaintiff was entitled to ownership of the shares previously owned by Kennelly, and other related relief, was warranted by the facts. The facts of the case established that Kennelly pledged the shares as collateral for the loan made by the plaintiff's predecessor to East 51st Street, which defaulted on the loan. The facts further demonstrated that the plaintiff's predecessor was the winning bidder at the UCC foreclosure sale, and that it had then properly assigned the bid to the plaintiff. Thus, based upon these facts, the court properly determined that under the terms of the Recognition Agreement, the defendant was required to transfer the shares to the plaintiff.

The defendant lacked standing to challenge the notice of the UCC foreclosure sale, as the defendant was neither the debtor nor a secondary obligor of the collateral (*see* UCC 9-611; *cf. New Jersey Bank, N.A. v Varano*, 120 AD2d 505 [1986]).

Accordingly, the Supreme Court properly directed the defendant to recognize the plaintiff as the owner of certain shares of stock in the defendant, deliver to the plaintiff a new stock

certificate naming the plaintiff as the owner of those shares, and issue to the plaintiff proprietary leases naming the plaintiff as the lessee of the apartment units associated with those shares.

The defendant's remaining contentions are without merit. Balkin, J.P., Leventhal, Roman and LaSalle, JJ., concur.