NELSON GERARD et al., Appellants, v CATHERINE CAHILL, as Executrix of MARVIN HYMAN, Deceased, Respondent, et al., Defendants. NELSON GERARD et al., Respondents, v CATHERINE CAHILL, Appellant. [52 NYS3d 112]—

In an action, inter alia, in effect, for a judgment declaring the rights and obligations of the parties under an operating agreement of a limited liability company and to recover damages for fraud (Action No. 1), and a related action, inter alia, to recover damages for conversion (Action No. 2), which were joined for trial, (1) Catherine Cahill, as executrix of the estate of Marvin Hyman, a defendant in Action No. 1, appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated May 20, 2014, as, upon a decision of the same court dated April 21, 2014, made after a nonjury trial, declared that she is required to restore the sum of $1,045,400 to the account of Buckskill Farm, LLC, a plaintiff in Action No. 1, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same judgment as failed to award them treble damages for an alleged violation of Judiciary Law § 487, and (2) Catherine Cahill, individually, the defendant in Action No. 2, appeals, as limited by her brief, from so much of a judgment of the same court, also dated May 20, 2014, as, upon the decision, is in favor of Buckskill Farm, LLC, a plaintiff in Action No. 2 and against her in the principal sum of $1,045,400.

Ordered that the first judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the second judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

As previously set forth, in part, in our decision and order on a prior appeal (*see Gerard v Cahill*, 66 AD3d 957 [2009]), the plaintiff Nelson Gerard and the decedent, Marvin Hyman, formed the plaintiff Buckskill Farm, LLC (hereinafter Buckskill; hereinafter together the plaintiffs), for the purpose of purchasing a 9.6-acre parcel of property located in the Town of

East Hampton, which they planned to subdivide into a number of lots, plus an agricultural reserve area. Buckskill's operating agreement required Gerard to make a capital contribution in the sum of $2,000,000, and required Hyman to make a capital contribution in the sum of $350,000. After acquiring the property, Gerard and Hyman encountered difficulty obtaining subdivision approval and Hyman proposed that they accept an offer by the Town to purchase 6.8 acres of the property. Gerard responded that, if the property was sold to the Town, Hyman should permit Buckskill to redeem his interest in the company for the sum of $850,000, or one lot, at Hyman's option. Gerard contends that Hyman agreed to this proposal. However, the defendant Catherine Cahill, as executrix of the estate of Marvin Hyman, and Catherine Cahill, individually (hereinafter Cahill), who was Hyman's wife, maintains that Hyman did not accept Gerard's offer.

Buckskill subsequently conveyed the 6.8-acre parcel to the Town for the sum of approximately $1,900,000, and the proceeds were deposited into Buckskill's bank account. Hyman then wrote a check on that account in approximately that amount, payable to himself, claiming that he was entitled to the proceeds of the sale pursuant to Buckskill's operating agreement. Thereafter, in 2005, the plaintiffs commenced Action No. 1, seeking, inter alia, in effect, a judgment declaring the rights and obligations of the parties under the operating agreement and the alleged oral agreement, to redeem Hyman's interest in the real property, and to recover damages for fraud. In 2007, the plaintiffs commenced Action No. 2 against Cahill, individually, inter alia, to recover damages for conversion, alleging that the proceeds of the sale had been deposited by Hyman into a joint account held by them before his death. The actions were joined for trial. Following the trial, the Supreme Court determined that Hyman had agreed to allow Buckskill to redeem his interest in the company for the sum of $850,000, or one lot, at his option, in exchange for Gerard's agreement to approve the sale of the subject property to the Town, and directed Cahill, inter alia, to restore the sum of $1,045,400 to Buckskill's account.

"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (*BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]; *see Northern Westchester Professional Park Assoc. v*

*Town of Bedford*, 60 NY2d 492, 499 [1983]; *Bryant v Broadcast Music, Inc.*, 143 AD3d 934, 935 [2016]). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (*Bennett v Atomic Prods. Corp.*, 132 AD3d 928, 930 [2015]; *see Neiss v Fried*, 127 AD3d 1044, 1045 [2015]). Here, contrary to Cahill's contention, the Supreme Court's determination that Hyman agreed to allow Buckskill to redeem his interest in the company for the sum of $850,000, or one lot, if the subject property was sold to the Town, was warranted by the facts. The court specifically found that Cahill's testimony was not credible, and there is no basis to disturb the court's determinations (*see Lawson-Groome v Smalls*, 144 AD3d 633, 634 [2016]; *Pappas v Liapes*, 138 AD3d 943, 944 [2016]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly directed Cahill, inter alia, to restore the sum of $1,045,400 to Buckskill's account. Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.