Matter of Fernandez v Pulla (2019 NY Slip Op 07068)





Matter of Fernandez v Pulla


2019 NY Slip Op 07068


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-05565
 (Docket No. V-28974-16)

[*1]In the Matter of Diana Carolina Fernandez, appellant,
v
Christian Eduardo Pulla, respondent.


Cheryl Charles-Duval, Brooklyn, NY, for appellant.
Janis A. Parazzelli, Floral Park, NY, for respondent.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated April 12, 2018. The order, insofar as appealed from, after a hearing, granted the mother's application for parental access with the subject child only to the extent of awarding her parental access with the subject child in Ecuador.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In 2016, the father and the mother each filed a petition for custody of the subject child. In December 2017, the mother withdrew her request for custody of the child, on the ground that the mother was moving to Madrid, Spain, where some of her family lived, but the mother requested parental access with the child. In an order dated December 21, 2017, the Family Court awarded sole legal and physical custody of the child to the father. Thereafter, the father proposed that the mother have parental access with the child in Ecuador, where the mother was born and the maternal grandmother lived, and stated that the paternal grandmother was willing to bring the child to and from Ecuador for parental access. The mother opposed the father's proposal, and requested parental access with the child in Madrid. The mother indicated that she was not legally permitted to travel to the United States to pick up the child for parental access, but she had family members who were willing to bring the child to and from Madrid for parental access. In an order dated April 12, 2018, the court, after a hearing, inter alia, awarded the mother parental access with the child in Ecuador. The mother appeals.
"In determining [parental access] rights, the most important factor to be considered is the best interests of the children" (Matter of Fowler v Rivera, 134 AD3d 708, 709; see Eschbach v Eschbach, 56 NY2d 167, 174). " The credibility findings of the Family Court will be accorded great weight and its determinations regarding custody and [parental access] will not be disturbed unless they lack a sound and substantial basis in the record'" (Matter of Jarvis v Lashley, 169 AD3d 1043, 1043, quoting Matter of Felty v Felty, 108 AD3d 705, 707).
Contrary to the mother's contention, there exists a sound and substantial basis in the record for the Family Court's determination that the mother's parental access with the child take place in Ecuador. While the mother indicated that she had family members willing to travel to the United States to bring the child to and from Madrid, the court appropriately found that there was no evidence that the child was "familiar with, or ha[d] even met," those family members, whereas the evidence showed that the mother often entrusted the child's care to the paternal grandmother, who was willing to bring the child to and from Ecuador for parental access. Further, the mother acknowledged that her father and brother in Madrid had never been to the United States and would need to obtain a visa to come to pick up the child, whereas the paternal grandmother had previously traveled to Ecuador. Moreover, the court found that there was a "valid basis" for the father's "concerns about [the mother's] commitment and ability to return [the child] to the United States" if awarded parental access in Madrid, since the evidence showed that the mother, before moving to Madrid, had "misled" the father into believing she was going to move to Pennsylvania with the child when she was actually moving to Chicago, Illinois. We discern no basis in the record to disturb the court's determination that the father's testimony regarding the events surrounding the mother's decision to move to Chicago was more credible than that of the mother (see Matter of Sanchez v Rexhepi, 138 AD3d 869). The court also appropriately found that the mother's history of lateness and failure to appear for scheduled court proceedings, usually due to circumstances pertaining to travel, cast doubt on her ability to ensure the timely return of the child to the United States if she was awarded parental access in Madrid.
The mother's remaining contentions do not warrant reversal.
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court