Matter of Ramon ZZ v Amanda YY (2020 NY Slip Op 07955)





Matter of Ramon ZZ v Amanda YY


2020 NY Slip Op 07955


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

528373

[*1]In the Matter of Ramon ZZ, Appellant,
v
Amanda YY., Respondent.

Calendar Date: November 18, 2020

Before: Lynch, J.P., Clark, Mulvey and Colangelo, JJ.


Ramon ZZ., Johnson City, appellant pro se.
Donna C. Chin, New York City, attorney for the child.



Lynch, J.P.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered January 8, 2019, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in violation of a prior order of visitation.
The facts underlying this matter are more fully set forth in a related appeal before this Court (Matter of Ramon ZZ. v Amanda YY., ___ AD3d ___ [appeal No. 529364, decided herewith]). Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a child (born in 2013). A July 2017 Family Court order granted the mother sole legal custody and placement of the child, with "reasonable parenting time" to the father. In June 2018, Family Court issued an order granting the father's request for a Father's Day visit from 2:00 p.m. to 6:00 p.m. at a park or other public place, while declining his request to have the visit at his residence. After the visit failed to take place as scheduled, the father filed a violation petition against the mother alleging that she had willfully violated the terms of the June 2018 order. Following a fact-finding hearing, Family Court, as relevant here, dismissed the father's violation petition, finding that no willful violation had occurred. The father appeals.
Contrary to the father's contention, Family Court did not err in dismissing his violation petition. To prevail on his petition, the father was required to demonstrate, by clear and convincing evidence, "that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that [the mother] had actual knowledge of its terms, and that . . . her actions or failure to act defeated, impaired, impeded or prejudiced [his rights]" (Matter of Bonnie AA. v Kiya DD., 186 AD3d 1784, 1788 [2020] [internal quotation marks and citations omitted], lv dismissed and denied ___ NY3d ___ [Dec. 15, 2020]; see Matter of Constantine v Hopkins, 101 AD3d 1190, 1191 [2012]). The father was also required to prove that the mother's alleged violation of the order was willful (see Matter of Jemar H. v Nevada I., 182 AD3d 805, 808 [2020]; Matter of Eliza JJ. v Felipe KK., 173 AD3d 1285, 1286 [2019]). Family Court's determination as to whether to hold a party in civil contempt "will not be disturbed absent an abuse of discretion" (Matter of Ryan XX. v Sarah YY., 175 AD3d 1623, 1626 [2019] [internal quotation marks and citations omitted]).
There is no dispute that a lawful court order was in effect and that the mother was aware of its terms. At issue is whether she willfully violated that order. Family Court credited the mother's testimony that, starting at about 11:00 a.m. on Father's Day, she tried to confirm the visit by calling and texting the father several times but received no response. The father conceded that he did not respond and that he failed to inform the mother where the visitation exchange would occur. Instead, he proceeded to [*2]the mother's home shortly after 2:00 p.m. and refused to tell the mother where he intended to take the child, stating that he "could take [the child] even to Canada" if he so chose. When the mother advised that he could not use the car seat unless he responded, the father called the police and the visitation failed. Family Court duly recognized that the mother's questions were reasonable under the circumstances presented, especially given the child's medical needs and the fact that the father did not have an approved residence for visitation purposes. Parental exchanges of a child require common courtesy and cooperation, and it is evident that this visitation was compromised by the father's own uncooperative conduct. We also find no error in Family Court's refusal to admit a copy of the police report from the event, since the father neither laid a proper foundation for the report nor demonstrated the report's relevance (see CPLR 4518 [a]; compare Matter of Sanchez v Rexhepi, 138 AD3d 869, 870 [2016]).
Clark, Mulvey and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.