U.S. Equities Corp. v Dunkey (2022 NY Slip Op 50435(U))

[*1]

U.S. Equities Corp. v Dunkey

2022 NY Slip Op 50435(U) [75 Misc 3d 130(A)]

Decided on May 24, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 24, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, BARRY E.
WARHIT, JJ

2021-312 W C

U.S. Equities Corp., Respondent,
against
C'Lene E. Dunkey, Appellant. 

C'lene E. Dunkey, appellant pro se.
Linda Strumpf, for respondent.

Appeal from an order of the City Court of Yonkers, Westchester County (Evan Inlaw, J.),
entered April 28, 2021. The order denied defendant's motion for, in effect, leave to reargue and
renew her prior motions to dismiss the action or, in the alternative, vacate a judgment entered
upon defendant's failure to appear or answer the complaint and to permit defendant to file an
answer.

ORDERED that so much of the appeal as is from the portion of the order that denied the
branch of defendant's motion seeking, in effect, leave to reargue is dismissed, as no appeal lies
from a denial of reargument; and it is further,
ORDERED that the order, insofar as reviewed, is affirmed, without costs.
In this action to recover for breach of a credit card agreement, upon defendant's failure to
appear or answer the complaint, a default judgment was entered against defendant on May 3,
2011. In November 2019, defendant made an initial pro se motion to vacate the judgment,
alleging that she had been unaware of the action until her bank account had been attached, and
claiming that she had never been served. The City Court denied defendant's motion following a
hearing. After making three additional pro se motions, each seeking to vacate the default
judgment, and each of which was denied, defendant retained an attorney, who made a further
motion on defendant's behalf, again seeking vacatur of the default judgment and related relief.
Plaintiff opposed the motion, which the City Court denied by order entered April 28, 2021, upon
a finding that it had previously considered and rejected all the arguments raised by defense
counsel. Defendant appeals from the April 28, 2021 order.
Defendant's motion, which sought to affect the City Court's prior orders, in effect was
brought pursuant to CPLR 2221, although in her motion defendant erroneously failed to specify
whether she sought leave to reargue or renew her prior motions (see CPLR 2221 [d] [1],
[e] [1]). To the extent that defendant sought leave to reargue her prior motions, she failed to
specify any [*2]matters of fact or law that the City Court had
previously overlooked or misapprehended (see CPLR 2221 [d] [2]), and, in any event, no
appeal lies from an order denying reargument (see Deutsche Bank Natl. Trust Co. v
Spanos, 180 AD3d 997 [2020]; Alvarez v Jawaid, 163 AD3d 746, 748 [2018]). 
The City Court properly denied defendant's motion to the extent that she sought leave to
renew her prior motions. Such a motion must "be based upon new facts not offered on the prior
motion that would change the prior determination" (CPLR 2221 [e] [2]) and must "contain
reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e]
[3]; see Bank of NY Mellon v Lewis, 200 AD3d 969, 970 [2021]), but defendant failed to
meet either of those requirements in her moving papers. We do not consider the documents
defendant submitted to the court for the first time as exhibits to her reply papers (see HSBC
Bank USA, N.A. v Rahmanan, 194 AD3d 792, 795 [2021]; Deutsche Bank Natl. Trust
Co. v Saketos, 158 AD3d 610 [2018]). 
To the extent that defendant's pro se status may have hindered her in the presentation of her
motions, we note that a litigant appears pro se at her own risk and acquires no greater right than
any other litigant by reason of her pro se status. A pro se appearance may not be used to deprive
an adversary of the same rights enjoyed by other litigants (see Roundtree v Singh, 143
AD2d 995, 996 [1988]; see also Matter of Chana J.A. v Barry S., 135 AD3d 743, 744
[2016]; Walter v Jones, Sledzik, Garneau & Nardone, LLP, 67 AD3d 671, 672
[2009]).
Accordingly, the order, insofar as reviewed, is affirmed.
GARGUILO, P.J., EMERSON and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2022