J.A.H. v Q.T-V. (2024 NY Slip Op 50451(U))

[*1]

J.A.H. v Q.T-V.

2024 NY Slip Op 50451(U)

Decided on April 19, 2024

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 19, 2024
Supreme Court, Westchester County

J.A.H., Plaintiff,

against
Q.T-V., Defendant.

Index No. [redacted]

James L. Hyer, J.

The following documents, numbered 1 to 6, were considered in connection with Plaintiff's Order to Show Cause, dated April 18, 2024 (hereinafter "Motion Sequence #1"), seeking the entry of an Order, inter alia:
1. warding Plaintiff immediate temporary sole legal and physical custody of the parties' minor children, A.M.H., born on xx/xx/2015, and O.Y.H., born on xx/xx/2017 (the "Children");
2. Issuing a Temporary Order of Protection against the Defendant on behalf of the Plaintiff and the Children requiring the Defendant to stay away from the Plaintiff and the Children the home of Plaintiff; the school of the Children; the place of employment of the Plaintiff; and to refrain from communication or any other contact by mail, telephone, email, voice-mail or any other electronic means with the Children;
3. Establishing a supervised visitation schedule for Defendant to see the Children, monitored by a mutually agreed supervisor or other supervisor selected by the Court at Defendant's sole cost;
4. Establishing therapeutic supervised telephone access with the Children;
5. Granting Plaintiff exclusive occupancy of the Marital Residence located at [redacted];
6. Directing Defendant immediately be sent to a drug and alcohol testing and monitoring center to commence drug and alcohol testing and monitoring as a condition of visitation with the Children, which shall continue until further Order of the Court or Agreement of the Parties; and
7. Such other and further relief as the Court deems just and proper.
Motion Sequence #1 further sought interim relief pending a hearing and determination of Motion Sequence #1, including the entry of an Order that:
1. Plaintiff, J.A.H., shall have temporary sole legal and physical custody of the Children; and
2. An Ex Parte Temporary Order of Protection against Defendant, Q.T-V. (D/O/B: xx/xx1978) on behalf of the Plaintiff, J.A.H. (D/O/B: xx/xx/1969) and the Children, A.M.H. (D/O/B: xx/xx/2015) and O.Y.H. (D/O/B: xx/xx/2017), requiring the Defendant to stay away from the Plaintiff and the Children; the home of Plaintiff; the school of the Children; the place of employment of the Plaintiff; and to refrain from communication or any other contact by mail, telephone, email, voice-mail or any other electronic means with the Children.
PAPERS    
NUMBERED
Order to Show Cause/Affidavit in Support/
Affirmation in Support/Exhs. A-C 1-6
 RELEVANT FACTUAL AND PROCEDURAL HISTORY
This matrimonial action was commenced with Plaintiff's filing of a Summons, Complaint and ancillary document on March 7, 2024 (hereinafter collectively the "Complaint") (NYSCEF Doc. No. 1). The Complaint asserts, in part, that there are two children of the marriage being A.M.H., born on xx/xx/2015 and O.Y.H., born on xx/xx/2017 (hereinafter collectively the "Children").
On April 17, 2024, Plaintiff filed an Affidavit of Service of the Complaint on Defendant (NYSCEF Doc. No. 2).
On April 18, 2024, Plaintiff filed a Request for Judicial Intervention and Motion Sequence #1 (NYSCEF Doc. Nos. 3-9). On April 18, 2024, Motion Sequence #1 was conformed by the Court directing: (1) the return date be scheduled for April 19, 2024, at 9:30 a.m., wherein all counsel and parties were to appear in person; (2) Plaintiff was to serve Motion Sequence #1 on Defendant via e-mail by April 18, 2024, at 8:00 p.m.; (3) a briefing schedule would be set on the return date if needed; and (4) denied the interim relief sought (NYSCEF Doc. No. 11).
On April 18, 2024, Plaintiff filed an Affidavit of Service of Motion Sequence #1 on Defendant (NYSCEF Doc. No. 12).
Plaintiff's affidavit filed in support of Motion Sequence #1 asserts that Defendant's alcohol abuse and instability has created an emergency situation which requires immediate Court intervention to protect the best interests of the Children. Among Defendant's allegations are the following statements:
"3. Defendant has a history of alcohol abuse and has been an inconsistent and unstable parent to our Children. She continues to make poor choices, as she has prematurely left six separate treatment facilities since January 2023. She constantly shows up at the Marital Residence intoxicated around the Children and continues to put the Children in unsafe and terrifying situations.
* * *
24. On Saturday, April 11, 2024, Defendant arrived at the Marital Residence in an Uber, visibly impaired by alcohol. She stumbled up the driveway and managed to enter the house. All of this was in the presence of our Children. I removed the Children from the house and stayed with them at a friend's home Saturday evening. The Defendant [*2]continued to sleep in various beds in our home all day on Sunday, and at some point, I observed her in my son's room passed out underneath his bed. I again kept our Children out of the Marital Residence on Sunday so they would not observe their mother's condition. The Defendant left the Marital Residence on Monday, April 15, 2024, and, I understand, stayed at an Airbnb, the location of which is unknown. Late yesterday afternoon, she showed up at the Marital Residence intoxicated. She has been "sleeping it off" and I believe once she is sober, she will again abandon the residence, and stay at some undisclosed hotel or Airbnb.
25. The Defendant's pattern of behavior and history of alcohol abuse cannot continue in the presence of our Children. Based on her history, I believe she will continue to drink regardless of its effect on our Children. She will continue to disappear for days and then show up at the Marital Residence, unannounced and intoxicated. The Defendant has been given every support tool imaginable and yet continues to spiral deeper into her alcohol addiction. First and foremost, I must protect our Children. I can no longer risk Defendant showing up intoxicated and subjecting our Children to an unsafe and dangerous environment.
26. In furtherance of the foregoing, it is in my Children's interest that I be granted immediate temporary sole legal and physical custody of them and that an Order of Protection be issued against the Defendant on behalf of the Children and me. I further ask that the Court issue an Order: establishing a supervised visitation schedule for Defendant to see the Children at Defendant's sole cost, establishing therapeutic supervised telephone access with the Children, granting me exclusive use and occupancy of the Marital Residence, and directing the immediate drug and alcohol testing and continued monitoring of the Defendant as a condition of visitation with the Children."
On April 19, 2024, the Court called this case and appearances were made by Plaintiff and Plaintiff's counsel, with no appearances having been made by Defendant or any legal counsel representing Defendant, nor has Defendant sought any adjournment pursuant to the Court Rules. In an abundance of caution the Court requested Plaintiff provide Defendant's telephone number, which was done (XXX-XXX-XXXX), and the Court attempted to contact Defendant to permit her to testify electronically which was to no avail as Defendant did not pick up the call.
The Court proceeded to hear oral argument on Motion Sequence #1 and received sworn testimony from Plaintiff. This testimony included Plaintiff's representation that Defendant was aware of this appearance but did not appear as she is not within the State of New York due to his belief that she is seeking treatment at a facility in another state.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
 1. Appointment of Guardian Ad Litem
The Court may upon motion or sua sponte appoint a guardian ad litem at any stage in an action and such appointment shall be fully effectuated upon the appointed guardian ad litem having filed a consent to appointment together with a financial affidavit (CPLR § 1202). The appointment of a guardian ad litem for a litigant in the context of a matrimonial action is warranted when a litigant has a history of drug and/or alcohol abuse which impairs the litigant's ability to engage in the litigation and the appointment of a guardian ad litem is necessary to [*3]protect the litigant's interests (Anonymous v. Anonymous, 256 AD2d 90 [1st Dept 1998]).
Here, Plaintiff's sworn statements reflect his belief that Defendant suffers from significant drug and/or alcohol addiction which has impaired her ability to function with respect to her activities of daily living, including the care of the Children, which has resulted in his filing of the instant application. The Court found Plaintiff's testimony credible based upon his demeanor and character (Sanchez v. Rexhepi, 138 AD3d 869 [2d Dept 2016]). Therefore, the Court has determined that Defendant is an impaired individual who requires the appointment of a guardian ad litem to protect her interests in this action and the Court appoints as guardian ad litem for Defendant: Gus Dimopoulos, Esq., 73 Main Street, Tuckahoe, New York 10707, Telephone: [redacted]; E-Mail: [redacted]. To complete this appointment, the Court directs that Attorney Dimopoulos shall file by April 20, 2024: (1) Consent to Appointment; and (2) Financial Affidavit, with proof of service upon Plaintiff's counsel and Defendant by that date. Attorney Dimopoulos is directed to file by April 30, 2024, an Affidavit indicating: (1) his efforts to communicate with Defendant; (2) his position as to if his appointment as guardian ad litem for Defendant is needed; (3) if Defendant has or is planning to retain counsel or make application for the appointment of 18-B counsel; and (4) Defendant's availability for a Hearing on Motion Sequence #1. Upon receipt of this submission, the Court will set a briefing schedule for Motion Sequence #1 and a Hearing date.
2. Request for Temporary Custody of the Children
While a hearing is usually required for the Court to make a temporary or permanent determination as to custody and access of a child, a Court may proceed without a hearing in a situation where an emergency exists (Kenneth J. v. Lesley B., 165 AD3d 439 [1st Dept 2018]).
In this matter, the Court finds that the sworn testimony and proofs before the Court sufficiently set for exigent circumstances warranting an immediate award of temporary legal and physical custody of the Children to Plaintiff. Moreover, despite Defendant being served with Motion Sequence #1 and acknowledging to Plaintiff her knowledge of today's Court date, she failed to appear physically or virtually. Defendant's lack of appearance further causes the Court concern about her possible lack of sound judgment and inability to care for the Children.
Accordingly, Plaintiff is hereby granted temporary sole legal custody of the Children and thereby be authorized to solely make any decisions pertaining to the Children, including but not limited to: (1) medical; (2) educational; and (3) general welfare. Plaintiff is further hereby granted sole physical custody of the Children subject to an access schedule of Defendant to be set by future Court Order.
This temporary relief shall be in place until a final determination is made by this Court following a briefing schedule being set for Motion Sequence #1, Motion Sequence #1 being fully submitted, and a determination being made following a Hearing as to the relief sought in Motion Sequence #1.
3. Request for Exclusive Occupancy of Marital Domicile
Exclusive occupancy may be awarded upon a showing that a spouse's presence has caused domestic strife and that that spouse has voluntarily established an alternative residence (Kristiansen v. Kristiansen, 144 AD2d 441 [2d Dept 1988]). Generally, a hearing is required prior to granting an award of exclusive occupancy during the pendency of a matrimonial action, but a hearing is not required upon the movant's showing of domestic violence or other conditions [*4]which demonstrate the relief is necessary to protect the safety of persons and property (Preston v. Preston, 147 AD2d 464 [2d Dept 1989]).
Here, Plaintiff's sworn testimony and other supporting proof demonstrates that Defendant's presence in the marital domicile has caused a level of domestic strife necessitating Plaintiff being granted temporary exclusive occupancy of the marital domicile in order to protect Plaintiff and the Children. Accordingly, Plaintiff is granted temporary exclusive occupancy of the martial domicile being the real property known as [redacted], subject to Defendant having the right to access such property as further ordered by the Court to obtain her personal belongings, clothing and hygiene products.
This temporary relief shall be in place until a final determination is made by this Court following a briefing schedule being set for Motion Sequence #1, Motion Sequence #1 being fully submitted, and a determination being made following a Hearing as to the relief sought in Motion Sequence #1.
Based upon the foregoing, it is hereby
ORDERED that Motion Sequence #1 is granted to the extent set forth above; and it is further
ORDERED that by April 20, 2024, Plaintiff shall serve Defendant and Attorney Dimopoulos with a copy of this Decision and Order with a Notice of Entry, with proof of service; and it is further
ORDERED that any relief requested not expressly granted herein is denied; and it is further
ORDERED that Plaintiff's counsel shall order a copy of the Court Transcript, pay the cost of same and submit to the Court to be "so ordered" by May 19, 2024.
The foregoing constitutes the Decision and Order of the Court.
White Plains, New York
Dated: April 19, 2024
ENTER:
Hon. James L. Hyer, J.S.C.