In the Matter of KISHA J., a Person Alleged to be a Juvenile Delinquent, Appellant. [639 NYS2d 82]

The charges in this case arose out an incident which occurred on a city bus in Brooklyn. The complainant, who was seven-and-one-half months pregnant at the time, alleged that the appellant kicked her twice in the abdomen during an altercation on the bus.

For purposes of the attempted abortion charge, the presentment agency adequately proved the element of intent. Although the evidence was in conflict as to whether the appellant was aware of the victim's pregnancy before she began kicking her, the resolution of this inconsistency was for the trier of fact, who saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94; *People v Scott,* 168 AD2d 523). Since the court's determination was supported by the record, that determination will be accorded great weight on appeal and will not be disturbed (*see, People v Garafolo,* 44 AD2d 86, 88).

For purposes of the assault charge, the presentment agency adequately proved that the victim suffered physical injury. There was testimony that the victim had been violently kicked and beaten aboard the bus. The assault therefore rose above

the level of " 'petty slaps, shoves, kicks and the like' " (*Matter of Philip A.,* 49 NY2d 198, 200). There was also evidence from which the court could have concluded that the victim suffered substantial pain. The victim testified that she had head and neck pain which lasted for weeks, and that, while she was in the hospital, she experienced abdominal pain. A rational trier of fact could have concluded that the pain the victim experienced was substantial (*see, People v Rojas,* 61 NY2d 726; *People v Coward,* 100 AD2d 628). Ritter, J. P., Thompson, Pizzuto and Hart, JJ., concur.