■ In the Matter of WANJI W., a Person Alleged to be a Juvenile Delinquent, Appellant. [716 NYS2d 676] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated May 11, 1999, which, upon a fact-finding order of the same court, dated March 15, 1999, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudged him to be a juvenile delinquent and placed him with

the New York State Office of Children and Family Services for a period of one year. The appeal brings up for review the fact-finding order dated March 15, 1999.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed.

The Family Court erred in finding that evidence of the appellant's conduct offered by the Presentment Agency was legally sufficient to prove beyond a reasonable doubt that he had committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree. To prove attempted assault in the third degree, sufficient evidence must be presented to infer that the appellant intended to cause physical injury to the complainant, and engaged in conduct that came "dangerously near" to an act which, if committed by an adult, would constitute the crime (Penal Law § 120.00; *People v Acosta,* 80 NY2d 665; *Matter of Marcel F.,* 233 AD2d 442). Physical injury is defined as physical impairment or substantial pain (*see,* Penal Law § 10.00 [9]). Here, the 11-year-old appellant slapped the 15-year-old complainant in the back of the head and followed him into a laundromat. Viewed in the light most favorable to the Presentment Agency (*see, People v Contes,* 60 NY2d 620), the appellant's conduct did not rise above the level of petty slaps, shoves, or kicks, and thus, does not allow a fact-finder to rationally infer that the appellant intended to cause physical injury to the complainant (*see, People v Henderson,* 92 NY2d 677; *Matter of Kisha J.,* 225 AD2d 549; *People v Facey,* 115 AD2d 11, *affd* 69 NY2d 836). Accordingly, the petition must be dismissed. Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.