■ In the Matter of GEORGE B. BUSKEY, Appellant, v BERNARD R. BUSKEY, Respondent. [20 NYS3d 108]—

Appeals from two orders of the Family Court, Queens County (Fran L. Lubow, J.), dated February 11, 2014, and June 18, 2014, respectively. The order dated February 11, 2014, insofar as appealed from, after a hearing, in effect, denied those branches of the petition which sought a finding that the respondent committed the family offenses of assault in the third degree and harassment in the second degree on August 22, 2013. The order dated June 18, 2014, denied the petitioner's application for an order directing the respondent to pay the petitioner restitution.

Ordered that the order dated February 11, 2014, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated June 18, 2014, is affirmed, without costs or disbursements.

"In a family offense proceeding, the petitioner has the burden of establishing, by a 'fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (*Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832; *see Matter of Riordan v Riordan*, 128 AD3d 704 [2015]; *Matter of Musheyev v Musheyev*, 126 AD3d

800 [2015]). The determination of whether a family offense was committed is generally a factual issue to be resolved by the Family Court (*see Matter of Campbell v Campbell*, 123 AD3d 1123, 1124 [2014]; *Matter of Maiorino v Maiorino*, 107 AD3d 717, 717 [2013]; *Matter of Jackson v Idlett*, 103 AD3d 723, 723 [2013]). The court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (*see Matter of Maiorino v Maiorino*, 107 AD3d at 717).

Contrary to the petitioner's contention, the evidence proffered at the hearing was insufficient to establish by a fair preponderance of the evidence that the respondent committed the family offense of assault in the third degree on August 22, 2013. As is relevant here, a person is guilty of assault in the third degree when "[w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person" (Penal Law § 120.00 [1]), or when "[h]e [or she] recklessly causes physical injury to another person" (Penal Law § 120.00 [2]). Here, the respondent's conduct does not allow a factfinder to rationally infer that the respondent intended to cause physical injury to the petitioner (*see People v Henderson*, 92 NY2d 677 [1999]; *Matter of Wanji W.*, 277 AD2d 243, 244 [2000]; *Matter of Kisha J.*, 225 AD2d 549 [1996]; *People v Facey*, 115 AD2d 11 [1986], *affd* 69 NY2d 836 [1987]). Moreover, the evidence was insufficient to establish that the respondent consciously disregarded a substantial and unjustifiable risk (*see* Penal Law § 15.05 [3]).

Contrary to the petitioner's contention, the evidence proffered at the hearing was insufficient to establish by a fair preponderance of the evidence that the respondent committed the family offense of harassment in the second degree on August 22, 2013. As is relevant here, a person is guilty of harassment in the second degree when, with intent to harass, annoy, or alarm another person, "[h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]). The Family Court was presented with sharply conflicting testimony as to whether the respondent committed the family offense of harassment in the second degree. The Family Court's determination that the petitioner failed to establish that the respondent committed the family offense of harassment in the second degree on August 22, 2013, was based on its credibility assessments and is supported by the record (*see Matter of Blackett v Blackett*, 123 AD3d 923, 924 [2014]; *Matter of Streat v Streat*, 117 AD3d 837, 838 [2014]; *Matter of*

*Alonso v Perdue*, 112 AD3d 920, 920 [2013]; *Matter of Amato v Amato*, 100 AD3d 988, 989 [2012]).

In light of the foregoing, the Family Court properly denied the petitioner's application for an order directing the respondent to pay the petitioner restitution in connection with the incident on August 22, 2013 (*see* Family Ct Act § 841 [e]). Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.