■ In the Matter of FREDERICK LITTLE, Appellant, v SANDYE RENZ, Respondent. [27 NYS3d 184]—

Appeal from an order of the Family Court, Kings County (Michael L. Katz, J.), dated December 17, 2014. The order, after a hearing, dismissed the father's family offense petition against the mother.

Ordered that the order is affirmed, without costs or disbursements.

The father commenced this family offense proceeding pursuant to Family Court Act article 8 against the mother of the parties' child, alleging that she committed the family offenses of, inter alia, harassment in the second degree and disorderly conduct. At a fact-finding hearing, at the close of the father's case, the Family Court granted the motion of the attorney for the child to dismiss so much of the petition as alleged that the mother committed the family offense of disorderly conduct for failure to make a prima facie case. At the close of the fact-finding hearing, the court found that the father failed to establish by a preponderance of the evidence that the mother committed any family offense, based on the incidents alleged in the petition, and accordingly, dismissed the petition.

The Family Court did not err by refusing to consider evidence concerning incidents between the parties which were not alleged in the father's petition (*see Matter of Salazar v Melendez*, 97 AD3d 754, 755 [2012]).

We agree with the Family Court that the father failed to establish a prima facie case with respect to the family offense of disorderly conduct (*see* Penal Law § 240.20; Family Ct Act § 812 [1]). Specifically, he failed to present evidence to support a finding that the mother's conduct was committed with the intent to cause, or recklessly posed a risk of causing, public inconvenience, annoyance or alarm (*see Matter of Cassie v Cassie*, 109 AD3d 337, 344 [2013]).

Moreover, the Family Court's finding that the father did not

establish that the mother committed any of the other family offenses alleged in the petition was based on credibility determinations that are supported by the record (*see Matter of Giresi-Palazzolo v Palazzolo*, 127 AD3d 752 [2015]).

The father's remaining contention is without merit. Mastro, J.P., Chambers, Roman and Barros, JJ., concur.