In the Matter of LIZETH CARRASCO, Respondent, v JOSE ALBERTO CRUZ, Appellant. [32 NYS3d 308]—

Appeal from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), entered May 6, 2015. The order, insofar as appealed from, denied those branches of Jose Alberto Cruz's cross motion which were pursuant to CPLR 5015 (a) (4) to vacate an order of protection of that court (David Klein, J.) entered July 29, 2014, after an inquest held upon his

failure to appear, and, thereupon, dismiss the petition, or, in the alternative, for a hearing to determine whether he was properly served with process pursuant to CPLR 308 (1).

Ordered that the order entered May 6, 2015, is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of Jose Alberto Cruz's cross motion which was for a hearing to determine whether he was properly served with process pursuant to CPLR 308 (1) is granted, and the matter is remitted to the Family Court, Westchester County, for a hearing to determine whether he was properly served with process pursuant to CPLR 308 (1), and a new determination thereafter of that branch of his cross motion which was pursuant to CPLR 5015 (a) (4) to vacate the order of protection and, thereupon, dismiss the petition.

The petitioner filed a family offense petition against the appellant on behalf of both herself and the parties' child. The appellant did not appear, and, after an inquest, the Family Court entered an order of protection against him upon his default. The petitioner thereafter moved, among other things, to update a law enforcement "E-Justice" system to reflect service of the order of protection. The appellant cross-moved, inter alia, pursuant to CPLR 5015 (a) (4) to vacate the order of protection and, thereupon, dismiss the petition. The appellant alternatively cross-moved for a hearing to determine whether he was properly served with process pursuant to CPLR 308 (1). The Family Court, among other things, denied those branches of the appellant's cross motion.

"Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (*Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 589 [2009]; *see Wachovia Bank, N.A. v Greenberg*, 138 AD3d 984 [2d Dept 2016]). Here, however, the affidavit of the petitioner's process server indicating that the appellant was validly served with process pursuant to CPLR 308 (1) was insufficient on its face to establish, prima facie, that the appellant was validly served pursuant to that paragraph of the statute (*see Cadle Co. v Ayala*, 47 AD3d 919, 920 [2008]; *see also Deutsche Bank Natl. Trust Co. v Quinones*, 114 AD3d 719, 719 [2014]; *Kaszovitz v Weiszman*, 110 AD2d 117, 120 [1985]). In light of the numerous errors appearing on the face of the affidavit of service and the appellant's sworn statement that he was never served, the Family Court should have granted that branch of the appellant's cross motion which was for a hearing to determine whether he was properly served with process pursuant to CPLR 308 (1). Ac-

cordingly, we reverse the order insofar as appealed from, and remit the matter to the Family Court, Westchester County, for a hearing to determine whether the appellant was properly served with process pursuant to CPLR 308 (1), and for a new determination thereafter of that branch of his cross motion which was pursuant to CPLR 5015 (a) (4) to vacate the order of protection entered against him upon his default, and, thereupon, dismiss the petition. Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.