█ In the Matter of THOMAS DAVIS, Appellant, v RAYMOND FELDER, Respondent. [30 NYS3d 922]—Appeal from an order of the Family Court, Richmond County (Alison M. Hamanjian,

Ct. Atty. Ref.), dated February 3, 2015. The order, after a hearing, dismissed with prejudice the petitioner's family offense petition against the respondent.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner filed a family offense petition against the respondent, his uncle, alleging that during an argument while the petitioner was visiting at the respondent's residence, the respondent verbally abused and insulted him, and threw a drinking glass, striking him in the right shoulder. Following a fact-finding hearing, the Family Court determined that the credible evidence failed to support a finding that a family offense was committed, and dismissed the petition with prejudice.

In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Buskey v Buskey*, 133 AD3d 655 [2015]; *Matter of Khan-Soleil v Rashad*, 108 AD3d 544 [2013]). Whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination of credibility issues is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Niyazova v Shimunov*, 134 AD3d 1122 [2015]; *Matter of Goldring v Sprei*, 121 AD3d 894 [2014]).

Contrary to the petitioner's contention, the Family Court did not err in finding that the credible evidence failed to establish that the respondent committed the family offenses of assault in the third degree (*see* Penal Law § 120.00) and harassment in the second degree (*see* Penal Law § 240.26). The court's credibility determinations are supported by the record, and we discern no basis for disturbing the order dismissing the petition with prejudice (*see Matter of Little v Renz*, 137 AD3d 916 [2016]; *Matter of Buskey v Buskey*, 133 AD3d 655 [2015]; *Matter of Goldring v Sprei*, 121 AD3d 894 [2014]). Eng, P.J., Mastro, Maltese and LaSalle, JJ., concur.