■ In the Matter of Naglaa Etman, Respondent, v Ahmed Adjoor, Appellant. [40 NYS3d 472]—

Appeal by the husband from an order of protection of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated

October 20, 2015. The order of protection, upon a finding that the husband committed the family offense of harassment in the second degree, made after a fact-finding hearing, directed him, among other things, to stay away from the wife until and including October 19, 2016.

Ordered that the order of protection is reversed, on the law and the facts, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

The petitioner commenced this proceeding pursuant to Family Court Act article 8, alleging that her husband, the appellant, had committed various family offenses against her and seeking an order of protection. Prior to a fact-finding hearing, the Family Court denied the appellant's application for a hearing to determine whether he was properly served with the summons and petition. Following the fact-finding hearing, the court found that the appellant had committed the family offense of harassment in the second degree and issued an order of protection, among other things, directing the appellant to stay away from the petitioner for a period of one year.

Although the order of protection expired by its own terms on October 19, 2016, the appeal has not been rendered academic "given the totality of the enduring legal and reputational consequences" of the order of protection (*Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, 673 [2015]).

Under the circumstances of this case, the appellant failed to establish his entitlement to a hearing to determine whether he was properly served with the summons and petition (*cf. Matter of Carrasco v Cruz*, 139 AD3d 1052, 1053 [2016]).

However, contrary to the Family Court's finding, the testimony proffered at the fact-finding hearing was insufficient to establish, by a preponderance of the evidence, the necessary elements of the family offense of harassment in the second degree (*see* Family Ct Act §§ 812 [1]; 832; *Matter of Ungar v Ungar*, 80 AD3d 771, 772 [2011]). As relevant here, a person commits the family offense of harassment in the second degree "when, with intent to harass, annoy or alarm another person . . . [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]; *see* Family Ct Act § 812 [1]). Here, the petitioner failed to show that the appellant's conduct was committed with the requisite intent "to harass, annoy or alarm" the petitioner (Penal Law § 240.26 [1]).

Accordingly, the petition should have been denied, and the proceeding dismissed. Chambers, J.P., Austin, Sgroi and Cohen, JJ., concur.