■ In the Matter of ANABEL LOPEZ DE SALMON, Appellant, v STEVEN SALMON, Respondent. [52 NYS3d 638]—

Appeal by the petitioner from an order of the Family Court, Queens County (Diane Costanzo, J.), dated June 15, 2016. The order, after a hearing, dismissed with prejudice the petitioner's family offense petition against the respondent.

Ordered that the order is affirmed, without costs or disbursements.

In May 2015, the petitioner filed a family offense petition alleging that the respondent, her husband, had committed acts of domestic violence against her. Following a fact-finding hearing, the Family Court determined that the petitioner failed to sustain her burden of establishing, by a preponderance of the credible evidence, that the respondent committed a family offense, and dismissed the petition with prejudice.

In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Matheson v Matheson, 140 AD3d 1068, 1069 [2016]; Matter of Buskey v Buskey, 133 AD3d 655, 655 [2015]; Matter of Blackett v Blackett, 123 AD3d 923, 923 [2014]). Whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination of credibility issues is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record (see Matter of Matheson v Matheson, 140 AD3d at 1069; Matter of Buskey v Buskey, 133 AD3d at 656; Matter of Blackett v Blackett, 123 AD3d at 923-924).

Here, the Family Court was presented with sharply conflicting testimony from each of the parties as to whether the respondent had committed a family offense against the petitioner, together with photographs the petitioner submitted which, according to the petitioner, depicted scratches and bruising she sustained after one of the purported incidents. The court's determination that the petitioner failed to establish that a family offense was committed against her was based on its credibility assessments and is supported by the record (see Matter of Buskey v Buskey, 133 AD3d at 656; Matter of Blackett v Blackett, 123 AD3d at 924; see also Matter of Isabel T. v Lucien W., 138 AD3d 521, 521 [2016]). The petitioner's remaining contentions are either unpreserved for appellate review or without merit. Accordingly, there is no basis to disturb the order dismissing the petition with prejudice (see Matter of Matheson v Matheson, 140 AD3d at 1069; Matter of Davis v Felder, 140 AD3d 752, 753 [2016]). Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.