Matter of Johnson v Rivers (2018 NY Slip Op 06904)





Matter of Johnson v Rivers


2018 NY Slip Op 06904


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-06065
 (Index No. O-12920-14)

[*1]In the Matter of Bernadette Elizabeth Johnson, appellant, 
v
Andrew Leroy Rivers, respondent.


Tammi D. Pere, West Hempstead, NY, for appellant.
Robert Marinelli, New York, NY, for respondent.
Nestor Soto, Astoria, NY, attorney for the child.



DECISION & ORDER
In proceeding pursuant to Family Court Act article 8, the mother appeals from an order of the Family Court, Queens County (Dweynie E. Paul, J.), dated May 15, 2017. The order, after a hearing, dismissed the mother's family offense petition against the father with prejudice and vacated a temporary order of protection.
ORDERED that the order is affirmed, without costs or disbursements.
The mother filed a family offense petition alleging, inter alia, that the father had committed certain family offenses against her and their son. Following a fact-finding hearing, the Family Court determined that the mother failed to sustain her burden of establishing, by a preponderance of the credible evidence, that the father committed a family offense, and, inter alia, dismissed the petition with prejudice.
In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Lopez de Salmon v Salmon, 150 AD3d 1121, 1122; Matter of Matheson v Matheson, 140 AD3d 1068, 1069; Matter of Buskey v Buskey, 133 AD3d 655, 655). Whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination of credibility issues is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record (see Matter of Lopez de Salmon v Salmon, 150 AD3d at 1122; Matter of Matheson v Matheson, 140 AD3d at 1069).
Here, the Family Court was presented with conflicting testimony from each of the parties as to whether the father had committed a family offense. The court's determination that the mother failed to establish a family offense was based on its credibility assessments and is supported by the record (see Matter of Lopez de Salmon v Salmon, 150 AD3d at 1122; Matter of Buskey v Buskey, 133 AD3d at 656). Accordingly, there is no basis to disturb the order dismissing the petition with prejudice and vacating a temporary order of protection.
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court