Matter of McGregor v Ferguson (2018 NY Slip Op 08659)





Matter of McGregor v Ferguson


2018 NY Slip Op 08659


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-12561
 (Docket No. O-19680-15)

[*1]In the Matter of Noelle McGregor, appellant,
v Brent Ferguson, respondent.


Elliot Green, Brooklyn, NY, for appellant.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Sharon A. Bourne-Clark, J.), dated October 26, 2017. The order, after a fact-finding hearing, in effect, denied the family offense petition and dismissed the proceeding with prejudice.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding in August 2015, alleging that, in May 2015, the respondent committed the family offenses of, inter alia, harassment in the second degree and disorderly conduct when he made certain comments that the petitioner alleged were threatening to her. Following a hearing, the Family Court, in effect, determined that the petitioner failed to establish by a preponderance of the evidence that the respondent committed a family offense against the petitioner, in effect, denied the petition, and dismissed the proceeding with prejudice.
The allegations in a family offense proceeding must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Shank v Shank, 155 AD3d 875, 876; Matter of Lopez de Salmon v Salmon, 150 AD3d 1121, 1122; Matter of Cassie v Cassie, 109 AD3d 337, 340). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Richardson v Richardson, 80 AD3d 32, 43-44; see Matter of Shank v Shank, 155 AD3d at 876; Matter of Lopez de Salmon v Salmon, 150 AD3d at 1122; Matter of Shiffman v Handler, 115 AD3d 753, 753).
Here, the Family Court's determination was based upon its credibility assessments and is supported by the record (see Matter of Lopez de Salmon v Salmon, 150 AD3d at 1122; Matter of Marte v Biondo, 104 AD3d 947, 947-948). Accordingly, there is no basis to disturb the court's determination, in effect, that the petitioner failed to prove by a preponderance of the evidence that the respondent committed the alleged family offenses.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court