Matter of Estime v Civil (2019 NY Slip Op 00435)





Matter of Estime v Civil


2019 NY Slip Op 00435


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2018-03181
 (Docket No. O-18466-16)

[*1]In the Matter of Jean Jumeau Estime, appellant,
v
Marie Suze Civil, respondent.


Heath J. Goldstein, Jamaica, NY, for appellant.
Kreuza Ganolli, Brooklyn, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Dweynie E. Paul, J.), dated February 28, 2018. The order, after a fact-finding hearing, dismissed the petitioner's family offense petition.
ORDERED that the order is affirmed, without costs or disbursements.
The appellant filed a family offense petition alleging, inter alia, that the respondent, who is the mother of his child, had committed certain family offenses. Following a fact-finding hearing, the Family Court determined that the appellant failed to sustain his burden of establishing, by a preponderance of the credible evidence, that the respondent committed a family offense and, inter alia, dismissed the petition.
In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Lopez de Salmon v Salmon, 150 AD3d 1121, 1122; Matter of Matheson v Matheson, 140 AD3d 1068, 1069; Matter of Buskey v Buskey, 133 AD3d 655, 655). Whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination of credibility issues is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record (see Matter of Lopez de Salmon v Salmon, 150 AD3d at 1122; Matter of Matheson v Matheson, 140 AD3d at 1069).
Here, the Family Court was presented with conflicting testimony from each of the parties as to whether the respondent had committed a family offense. The court's determination that the appellant failed to establish a family offense was based on its credibility assessments and is supported by the record (see Matter of Lopez de Salmon v Salmon, 150 AD3d at 1122; Matter of Buskey v Buskey, 133 AD3d at 656).
The appellant's remaining contention is without merit.
Accordingly, we agree with the Family Court's dismissal of the appellant's family offense petition.
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court