Matter of Mohammed v Mohammed (2019 NY Slip Op 05537)





Matter of Mohammed v Mohammed


2019 NY Slip Op 05537


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-15158
 (Docket No. O-10730-18)

[*1]In the Matter of Sharaz Mohammed, appellant,
v
Tarmattie Mohammed, respondent.


Cabelly & Calderon, Jamaica, NY (Lewis S. Calderon of counsel), for appellant.
Jeffrey C. Bluth, New York, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Marilyn L. Zarrello, Ct. Atty. Ref.), dated November 30, 2018. The order, after a fact-finding hearing, in effect, denied the family offense petition, and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding in May 2018, alleging, inter alia, that the respondent, the petitioner's ex-wife, committed the family offense of harassment in the second degree when she cursed at the petitioner and his wife and engaged in other alarming and harassing behavior and conduct over an extended period of time. Following a fact-finding hearing, the Family Court determined that the petitioner failed to establish by a preponderance of the evidence that the respondent committed a family offense against the petitioner and, in effect, denied the petition and dismissed the proceeding.
In a family offense proceeding, the petitioner has the burden of establishing the family offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Estime v Civil, 168 AD3d 936, 937; Matter of Lopez de Salmon v Salmon, 150 AD3d 1121, 1122). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (see Matter of McGregor v Ferguson, 167 AD3d 897, 897; Matter of Estime v Civil, 168 AD3d at 937). Where, as here, the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record (see Matter of Diaz v Rodriguez, 164 AD3d 1340; Matter of Henderson v Henderson, 137 AD3d 911, 912; Matter of Musheyev v Musheyev, 126 AD3d 800, 801; Matter of Saldivar v Cabrera, 109 AD3d 831, 832).
Here, the Family Court's determination was based upon its credibility assessments and is supported by the record (see Matter of McGregor v Ferguson, 167 AD3d at 897; Matter of Lopez de Salmon v Salmon, 150 AD3d at 1122; Matter of Marte v Biondo, 104 AD3d 947, 947-948).
The petitioner's remaining contentions are without merit.
Accordingly, we agree with the Family Court's determination to, in effect, deny the petition and dismiss the proceeding (see Matter of Lopez de Salmon v Salmon, 150 AD3d at 1122; Matter of Davis v Felder, 140 AD3d 752, 753).
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court