Matter of Olivo v Olivo (2020 NY Slip Op 06128)





Matter of Olivo v Olivo


2020 NY Slip Op 06128


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-13557 
2019-13558
 (Docket Nos. O-11229-18/18A, O-11236-18/18A)

[*1]In the Matter of Edward Olivo, appellant,
v
Fausto Olivo, respondent. (Proceeding No. 1.)
In the Matter of Edward Olivo, appellant,
v
Kathy Olivo, respondent. (Proceeding No. 2.)


Jeffrey C. Bluth, New York, NY, for appellant.
Lauri Gennusa, Laurelton, NY, for respondent in Proceeding No. 2.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 8, the petitioner appeals from (1) an order of the Family Court, Queens County (Mildred T. Negron, J.), dated November 12, 2019, and (2) an amended order of the same court dated November 13, 2019. The order, after a hearing, in effect, denied the family offense petition against the respondent Kathy Olivo and dismissed the proceeding against that respondent. The amended order, after a hearing, in effect, denied the family offense petition against the respondent Fausto Olivo and dismissed the proceeding against that respondent.
ORDERED that the order and the amended order are affirmed, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act article 8 alleging that the respondents, his brother and sister-in-law, had committed various family offenses against him. After a hearing, the Family Court, in effect, denied the petitions and dismissed the proceedings. The petitioner appeals.
In a family offense proceeding, the petitioner has the burden of establishing, "by a fair preponderance of the evidence," that the charged conduct was committed as alleged in the petition (Family Ct Act § 832; see Matter of Harris v Harris-Olayinka, 181 AD3d 605, 605; Matter of Estime v Civil, 168 AD3d 936, 937). "Whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination of credibility issues is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record" (Matter of Lopez de Salmon v Salmon, 150 AD3d 1121, 1122; see Matter of Buskey v Buskey, 133 AD3d 655, 656).
Here, the Family Court's determination that the petitioner was not credible, that the respondents were credible, and that the allegations were not proven by a fair preponderance of the evidence is supported by the record (see Matter of Estime v Civil, 168 AD3d at 937; Matter of McGregor v Ferguson, 167 AD3d 897, 897).
Accordingly, we agree with the Family Court's determination, in effect, denying the family offense petitions and dismissing the proceedings.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court