Matter of Breaux v Akati (2025 NY Slip Op 06316)

Matter of Breaux v Akati

2025 NY Slip Op 06316

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2024-08302
 (Docket No. O-1189-23)

[*1]In the Matter of Kai Breaux, respondent,
v
Ilhuicati M. Akati, appellant.

Michael E. Lipson, Garden City, NY, for appellant.
Catherine S. Bridge, Staten Island, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Ilhuicati M. Akati appeals from an order of fact-finding and disposition of the Family Court, Kings County (Marjorie R. Steinberg, J.), dated July 3, 2024. The order of fact-finding and disposition, after a fact-finding hearing, found that Ilhuicati M. Akati committed the family offenses of harassment in the second degree and aggravated harassment in the second degree and directed Ilhuicati M. Akati to comply with the terms of an order of protection.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In June 2023, the petitioner commenced this proceeding pursuant to Family Court Act article 8 against Ilhuicati M. Akati (hereinafter the appellant), who was the petitioner's former romantic partner. After a fact-finding hearing, the Family Court found that the appellant committed the family offenses of harassment in the second degree and aggravated harassment in the second degree and directed the appellant to comply with the terms of an order of protection.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Davis v Wright, 140 AD3d 753, 754; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and the Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed unless clearly unsupported by the record" (Matter of Bashier v Adams, 217 AD3d 764, 764 [citations and internal quotation marks omitted]; see Matter of Davis v Wright, 140 AD3d at 754).
Here, a fair preponderance of the evidence adduced at the hearing established that the appellant committed the family offenses of harassment in the second degree (Penal Law § 240.26) and aggravated harassment in the second degree (id. § 240.30), warranting the issuance of an order of protection (see Family Ct Act § 842[a]).
The appellant was not deprived of the effective assistance of counsel. Viewed in totality, the record reveals that the appellant received meaningful representation (see Matter of Bell v Pierre, 239 AD3d 973, 976; Matter of Stewart v Lassiter, 103 AD3d 734).
The appellant's remaining contentions are without merit.
CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court