People v Stinson (2025 NY Slip Op 51893(U))

[*1]

People v Stinson

2025 NY Slip Op 51893(U)

Decided on December 1, 2025

Criminal Court Of The City Of New York, Kings County

Berman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 1, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Shimi Stinson, Defendant.

Docket No. CR-014723-25KN

Tehilah H. Berman, J.

This case raises the following issues: 1) Whether the People satisfied their duty to exercise due diligence to ascertain the existence of discoverable evidence in sending one email inquiry and following up with one phone call to the case detective; 2) whether the defendant can prevail on a Brady claim that the prosecutor withheld exculpatory and impeachment material when his claim is based on conjecture and unsworn statements allegedly made to the police that are not documented; and 3) whether an accusatory instrument charging a defendant with attempted assault in the third degree [PL 110/120.00(1)] and harassment in the second degree [PL 240.26] is facially sufficient where the allegation is that the defendant hit the complaining witness in the wrist with a closed fist and caused the CW to fear imminent injury and to be alarmed and annoyed, without allegations of physical impairment or substantial pain.
On March 27, 2025, Shimi Stinson ("defendant"), was arraigned on a misdemeanor complaint charging him with attempted assault in the third degree [PL 110/120.00(1)], a class B misdemeanor, and harassment in the second degree [PL 240.26(1)], a violation. PL 110 provides: "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." A person is guilty of assault in the third degree under PL 120.00(1) when "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person." A person is guilty of harassment in the second degree under PL 240.26(1) when, "with intent to harass, annoy or alarm another person," when he or she "strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same." The factual portion of the complaint alleges that the deponent PO Grabowski (the arresting officer) was informed by Emilio Medina (the "CW") that defendant hit him "about the wrist with a closed fist," and that "the above-described actions caused [him] to fear imminent physical injury and to become alarmed and annoyed." 
On May 7, 2025, the People served and filed a supporting deposition ("SD") from CW, stating: "I, Emilio Medina, have read the accusatory instrument filed in this action. The facts in that instrument stated to be on information furnished by me are true to my personal knowledge." The People also filed a certificate of compliance ("COC"), statement of readiness ("SOR") and Notice and Disclosure Form ("NDF") on the same date. 
Defendant moves to dismiss on speedy trial grounds inasmuch as the People failed to comply with their discovery obligations before filing and serving their COC, thus rendering their COC invalid and SOR illusory. In particular, defendant contends that the People failed to produce photographs of the CW's injuries taken by PO Grabowski at around the time of [*2]defendant's arrest, in violation of CPL § 245.20(1)(h), which provides for mandatory disclosure of all photographs that relate to the subject matter of the charges. Defendant further contends that the People failed to produce the names and contact information for two eyewitnesses, in violation of CPL § 245.20(1)(c), which provides for the mandatory disclosure of the "names and adequate contact information for all persons other than law enforcement personnel whom the prosecutor knows to have evidence or information relevant to any offense charged or to any potential defense thereto." Pursuant to CPL 245.10(1)(a)(ii), the People must disclose these materials within 35 days of arraignment when the defendant is not in custody, which is the case here. 
In an email to PO Grabowski, dated June 20, 2025, the ADA requested these items. The People contend that he did not respond, but they followed up and spoke to PO Grabowski by phone. He said that he did not get contact information for the two eyewitnesses or take any photos of the CW's injuries.
Defendant contends that the People's representation was contradicted by the body worn camera ("BWC.") footage of PO Grabowski and his partner as follows: "Approximately seven minutes and thirty seconds into the A's B.C. footage, the officer took out his phone, positioned it directly over the complainant's forearm, and accompanied by an audible, classic camera shutter sound. This strongly indicates that a photograph was taken. Furthermore, the arresting officer was seen taking a picture of the alleged injury on his partner's B.C."
Defendant further claims that the People withheld contact information for two eyewitnesses who observed the incident and spoke to law enforcement at the time of arrest, and who made exculpatory statements to the police. In particular, defendant claims that both witnesses made statements directly contradicting the complaining witness's ("CW") account, and that the complainant attempted to strike the defendant with a cane and that the defendant merely grabbed it in self-defense. Defendant does not claim that these statements were documented. The People contend that the arresting officer "did not have contact information" for the eyewitnesses and took no further steps to locate them. Defendant contends that by failing to investigate and disclose this evidence, the People have suppressed possibly favorable material and violated the defendant's right to due process under Brady v Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). 
The People's representation that requests were made to the arresting officer is insufficient to establish due diligence. People v. Martinez, 2025 NY Slip Op 25056, 229 N.Y.S.3d 329, 336 (Sup. Ct. Kings Co. 2025); People v Goulding, 2024 NY Slip Op 51031[U], 83 Misc 3d 1264[A] [Sup Ct, Kings County 2024]). The People "can never rely on the police to satisfy their duty of discovery compliance" since "CPL article 245 specifically assigns this duty to the People alone (CPL 245.50 [1])." Martinez, supra, 229 N.Y.S.3d at 336. Here, the People requested from the arresting officer the photographs of the CW's injuries the contact information for the two eyewitnesses, and represented that what they received was complete. This court finds that the People's reliance on the police's assurance without reviewing PO Grabowski's B.C. footage or that of his partner, was insufficient to establish due diligence to the extent that these efforts were de minibus and did not meet the standard set forth in CPL 245.50(5)(a). See, People v Mitchell, 228 AD3d 1250, 1256 [4th Dept 2024] [the People failed to exercise due diligence prior to filing their COC, where they did not check their own files to determine whether their prime witness had a criminal history, and instead, relied on a report provided by the Ontario County Sheriff's Office). People v Li, 2024 NY Slip Op 50238, 2024 NY Misc. LEXIS 1011, [*3]*12-13 , 82 Misc 3d 1205(A), 204 NYS3d 924 [Sup Ct, Richmond County 2024] ["The People's responsibility to exercise due diligence is not satisfied by asking the case detective whether items of discovery exist, especially when common sense would dictate that it must exist"]. Since the People did not establish that they exercised due diligence prior to filing their COC, the COC was improper and their statement of readiness as rendered illusory. People v. Slamm (Daniel), 2025 NY Misc. LEXIS 2171, *11 (App. Term 2d Dept. 2025).
However, defendant has not made out a successful Brady claim. To prevail on a Brady claim, a defendant must demonstrate that the "(1) evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material." People v. McGee, 36 NY3d 1063, 1064-1065 (2021), citing People v. Garret, 23 NY3d 878, 885 (2014). Mere conjecture that evidence is exculpatory is insufficient to establish a Brady violation. See, People v Brock way, 148 AD3d 1815, 1816-1817 (4th Dept. 2017). Defendant has not demonstrated that the photographs and unsworn, undocumented statements of the eyewitnesses were exculpatory, as it is mere conjecture, and his Brady claim is not ripe for review.
Though not an issue specifically raised in the motion to dismiss, facial sufficiency is a non-writable, jurisdictional prerequisite to a misdemeanor prosecution. People v. Duma, 23 NY3d 5 I 8, 522 (2014). The issue of facial sufficiency "can be raised by the court sua sponte to assure the court retains subject matter jurisdiction over a case." People v. Wilkins, 2025 NY Slip Op 25212, 2025 NY Misc. LEXIS 7692, *9 (Crim. Ct. Kings Co. 2025); citing People v. Holiday, 78 Misc 3d 1217[A], 185 N.Y.S.3d 65, 2023 NY Slip Op 50250[U], 2023 NY Misc. LEXIS 1346, *4 [CIM. Ct. NY Co. 2023].
An information is "sufficient on its face" when the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information," [CPL 100.40(1)(b)] and they establish, if true, every element of the offense charged and the defendant's commission thereof." [CPL 100.40(1)(c)]. See, People v. Hill, 38 NY3d 460, 463-464, 174 N.Y.S.3d 340, 195 N.E.3d 47 (2022); People v Smalls, 26 NY3d 1064, 1066, 23 N.Y.S.3d 134, 44 N.E.3d 209 (2015)]. Reasonable cause "exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it." [CPL 70.10(2)]. Wilkins, supra, 2025 NY Misc. LEXIS 7692, *9-10. This court finds that the accusatory instrument is facially insufficient to the extent that taken together with the supporting deposition of the CW, the factual allegations do not establish reasonable cause to believe that defendant committed the offenses of attempted assault in the third degree [PL I l0/120.00(l)], and harassment in the second degree IPL 240.26(1)].
To be facially sufficient, "an accusatory instrument charging a defendant with attempted assault in the third degree must demonstrate, through the facts alleged and the reasonable inferences which flow therefrom, reasonable cause to believe that the defendant intended to cause physical injury to the complainant, and that he engaged in conduct which came dangerously close to causing such physical injury." People v Anderson (John), 2020 NY Slip Op 50091(U), 2020 NY Misc. LEXIS 311, *4-6 (App. Term 2d Dept. 2020). PL 10.00(9) defines "physical injury" as "impairment of physical condition or substantial pain." "Petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives" do not fall [*4]within the scope of PL 120.00(1) [People v. Henderson, 92 NY2d 677, 680 (1999)] because they do not inflict physical injury. [People v. Caddice, 8 NY3d 445, 448 (2007)]. To prove an "attempt," which is "an integral offense having an identity separate from the crime which is being attempted," [People v. Campbell, 72 NY2d 602, 605 (1988)] the People must prove that: "(1) that defendant had the intent to commit a specific offense, and (2) that defendant engaged in some affirmative act to carry out that intent." People v Coleman, 74 NY2d 381, 383 (1980).
Here, the accusatory instrument alleges that defendant hit the CW on the wrist with a closed fist," and that "the above-described actions caused [him] to fear imminent physical injury and to become alarmed and annoyed," which constitute emotional harm. It does not allege a physical injury, as the CW did not suffer substantial pain or physical impairment. This court further finds that the facts pleaded in the accusatory instrument do not sufficiently allege that defendant's actions came "dangerously close" to the commission of a completed assault, as it does not allege that, when defendant hit the CW's wrist, that action caused the CW pain of any degree, or that there was a degree of force sufficient to establish intent to cause physical injury and to support of charge of attempted assault in the third degree. See, In re Wanji W., 277 AD2d 243, 244 (2d Dept. 2000) (where the defendant slapped the complaining witness in the back of the head and followed him, the defendant's conduct did not rise above the level of petty slaps, shoves, or kicks, and therefore, the jury could not rationally infer that the defendant intended to cause physical injury to the complaining witness); Anderson (John), supra, 2020 NY Misc. LEXIS 311, at *5-6 (where accusatory instrument alleged that defendant pushed his fist against the complainant's nose but did not allege the degree of force that was used or that it caused the complainant pain of any degree, it was insufficient to establish intent to cause physical injury to substantiate a charge of attempted assault in the third degree). Accordingly, the count charging defendant with attempted assault in the third degree was facially insufficient.
A person is "guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person," when he or she "strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same." This court finds that he allegation that defendant hit the CW's wrist did not provide reasonable cause to believe that defendant possessed the requisite intent to "harass, annoy or alarm." To establish that defendant had the "requisite mental state, it is necessary that there be alleged evidentiary facts—stemming from the act itself or upon the surrounding circumstances—from which intent may be inferred." People v Eames (Melissa), 2017 NY Slip Op 50705(U), 2017 NY Misc. LEXIS 2066, *3 (App. Term 2d Dept. 2017). The accusatory instrument contains no factual allegations establishing that defendant had any interaction with the CW prior to the alleged incident or that he followed the CW. Therefore, the allegations did not establish reasonable cause that defendant possessed the requisite intent to harass, annoy or alarm the CW. See, People v Hoffstead (Eric), 28 Misc 3d 16, 21 (App. Term 2d Dept. 2010) (requisite intent not established where there was no testimony that defendant had any interaction with the complainant while following him, or that he followed him so closely as to appear threatening). Accordingly, the count charging defendant with harassment in the second degree was facially insufficient. Since the accusatory instrument is facially insufficient, it is jurisdictionally defective and must be dismissed. People v. Jones, 9 NY3d 259, 263 (2007). Accordingly, the motion to dismiss is GRANTED. This constitutes the decision and order of the court.
Dated: December 1, 2025
Kings County, New York
Hon. Tehilah H. Berman
Judge of the Criminal Court