Matter of James v Bailey (2026 NY Slip Op 00775)

Matter of James v Bailey

2026 NY Slip Op 00775

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2025-03261
 (Docket No. O-11073-24)

[*1]In the Matter of Jalisa James, appellant,
vSean Bailey, respondent.

Kyle Sosebee, Brooklyn, NY, for appellant.
Angella S. Hull, Jamaica, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Monica D. Shulman, J.), dated February 21, 2025. The order, after a hearing, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner and the respondent have one child in common. In June 2024, the petitioner commenced this family offense proceeding against the respondent, alleging that he had committed, inter alia, various family offenses against her, including harassment in the second degree, and seeking an order of protection. Following a hearing, the Family Court determined that the credible evidence failed to support a finding that a family offense was committed, and, in effect, denied the petition and dismissed the proceeding. The petitioner appeals, asserting that the credible evidence established that the father committed the family offense of harassment in the second degree.
"'In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence'" (Matter of Martinez v Toole, 239 AD3d 855, 857, quoting Matter of Davis v Wright, 140 AD3d 753, 754). "'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record'" (Matter of Levay v Gurrera, 236 AD3d 1032, 1033, quoting Matter of Mitchell-George v George, 234 AD3d 969, 969).
Contrary to the petitioner's contention, the Family Court did not err in finding that the credible evidence failed to establish that the respondent committed the family offense of harassment in the second degree (Penal Law § 240.26). "A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person[,] [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" (id.). Contrary to the petitioner's contention, a threatening statement must be a "true threat" of intended physical harm in order to establish the family offense of harassment in the second degree pursuant to Penal Law § 240.26(1) (People v Lagano, 39 NY3d 108, 112 [internal quotation marks omitted]). The petitioner also failed to show that the respondent's conduct during an incident in 2009 was committed with the requisite intent "to harass, annoy or alarm" the petitioner (Matter [*2]of Etman v Adjoor, 144 AD3d 678, 679; see Penal Law § 240.26[1]). Therefore, the petitioner failed to establish, by a fair preponderance of the evidence, that the respondent committed the family offense of harassment in the second degree (see Matter of Butler-Moore v Butler, 149 AD3d 1070, 1071; Matter of Johnson v Johnson, 146 AD3d 954, 955; Matter of Davis v Wright, 140 AD3d at 754). Accordingly, we affirm.
CHAMBERS, J.P., DOWLING, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court