Matter of McKoy v McKoy

2026 NY Slip Op 01967

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Tavia McKoy, appellant,

v

George McKoy, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2025-03640, (Docket No. O-17331-24)

Lara J. Genovesi, J.P.

Barry E. Warhit

Donna-Marie E. Golia

Phillip Hom, JJ.

Thomas J. Butler, Melville, NY, for appellant.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Suffolk County (Darlene Jorif-Mangane, Ct. Atty. Ref.), dated December 27, 2024. The order, after hearing, denied the petition, vacated a temporary order of protection, and dismissed the proceeding.

ORDERED that the order is affirmed, without costs or disbursements.

In October 2024, the petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the respondent, who is the petitioner's uncle, alleging that the respondent had committed, inter alia, the family offenses of harassment in the first degree or second degree, stalking, and disorderly conduct. After a hearing, the Family Court denied the petition, vacated a temporary order of protection, and dismissed the proceeding. The petitioner appeals.

"'In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence'" (Matter of Martinez v Toole, 239 AD3d 855, 857, quoting Matter of Davis v Wright, 140 AD3d 753, 754; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Warren v Brandofino, 236 AD3d 917, 918 [internal quotation marks omitted]; see Matter of Mitchell-George v George, 234 AD3d 969, 969). "Where, as here, 'the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record'" (Matter of Nunez v Spellen, 235 AD3d 874, 875-876 [internal quotation marks omitted], quoting Matter of Mattis v Walcott-Graham, 231 AD3d 1156, 1156).

Here, the Family Court properly determined that the petitioner failed to establish, by a fair preponderance of the evidence, that the respondent committed any of the alleged family offenses (see Matter of Warren v Brandofino, 236 AD3d at 918; Matter of Mattis v Walcott-Graham, 231 AD3d at 1156-1157).

Accordingly, the Family Court properly denied the petition, vacated the temporary order of protection, and dismissed the proceeding.

GENOVESI, J.P., WARHIT, GOLIA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court